UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

Bildad Laurent and Kerlande Laurent,

Debtors.
--------------------------------------------------------X

Chapter 13

Case No. 23-22951-(CGM)

**APPLICATION FOR ALLOWANCE OF COMPENSATION FOR
<u>REAL ESTATE BROKER</u>**

TO:    **THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE**

      Bildad Laurent and Kerlande Laurent ("Debtors") bring this Application on behalf of George Campolo of RE/MAX Distinguished Homes and Properties ("Applicant" and "Broker"), as and for a fee application for allowance of compensation to Broker for marketing and selling the property of the Debtors, pursuant to Section 330 of Title 11 (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure, by and through Bronson Law Offices PC, Debtors' bankruptcy counsel, respectfully set forth:

1. The Debtors filed a Chapter 13 bankruptcy on December 20, 2023.

2. The Debtors own and live at the property located at 204 North Terrace Avenue, Mount Vernon, New York, 10550 (the "Property").

3. The Debtors filed a motion to sell the Property pursuant to §363(b) and (f) of the Bankruptcy Code on May 17, 2024 [ECF Dkt. No. 40].

4. On April 17, 2024, the Bankruptcy Court approved the retention of Broker by order (the "Order") [ECF Dkt. No 37]. A copy of the order is attached hereto as "**Exhibit**

1

**A**".

5. The Order approved the listing agreement attached to the Broker retention application and provided a 5% commission as a flat fee of payment to the Broker.

6. The total fees sought for approval by this application is $28,000. No prior application for compensation has been submitted.

7. 11 U.S.C. § 330(a) provides:

   > After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the Court may award to a trustee, to an examiner, to a professional person employed under Section 327 or 1103 of this title, or to the debtor's attorney reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and reimbursement for actual, necessary expenses.

8. This Application is submitted in support of an order, pursuant to Sections 330 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

9. The professional responsible for providing service was George Campolo of RE/MAX and he has designated undersigned counsel to complete this Application. Undersigned certifies this Application complies with the Local Bankruptcy Rule 2016-1.

10. The aforementioned commission is reasonable, represents rates that are less than normal in comparison to the fees customarily charged by real estate brokers in the area, who possess similar skill, experience, expertise, stature and reputation for comparable services.

11. The Broker vigorously marketed the sale of the Property in accordance with the agreement approved by the Court as described in the Broker's declaration in support

of the Debtor's sale motion including 23 showings of the Property by Broker.

12. Broker submits his services have contributed substantial benefits to the estate and its creditors by obtaining the best possible sale price for the Property.

13. If this case was not under the Bankruptcy Code, Applicant would charge the Debtor and expect to receive an amount at least equal to the amounts requested herein for the professional services rendered.

14. Applicant submits that under all of the criteria normally examined in bankruptcy cases and based upon the factors to be considered in accordance with Sections 330 of the Bankruptcy Code, the results that have been achieved more than substantiate the charges.

15. Applicant seeks approval of payment of its commission at the closing as there will be sufficient funds to make payment based upon the proceeds from the sale.

**WHEREFORE,** in view of the foregoing, Applicant respectfully requests that payment of the commission be allowed from the sale proceeds in the total amount of $28,000.

Dated: Harrison, New York
July 31, 2024

**BRONSON LAW OFFICES, P.C.**

*/s/H. Bruce Bronson*
H. Bruce Bronson