UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

                                                                                     Case No. 23-22951 (CGM)

BILDAD LAURENT AND                                Chapter 13
KERLANDE LAURENT,

                                Debtors.

---------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 363(b), (f) AND (m),§§ 503, 506(c) AND 507, RULES 2002 AND 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, (A) AUTHORIZING THE SALE OF DEBTORS' RESIDENCE; (B) APPROVING THE CONTRACT OF SALE IN CONNECTION THEREWITH; (C) APPROVING CERTAIN FEES AND EXPENSES OF THE SALE ;(D) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; AND (E) FOR OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND PROPER**

       UPON the motion dated May 17, 2024 [ECF Dkt. No.40] (the "Motion"), of the debtors (the "Debtors"), for an order (1) pursuant to 11 U.S.C.§§ §363(b) and (f), authorizing the sale of the property located at 204 North Terrace Avenue, Mt. Vernon, New York 10553 (the "Property") pursuant to the sale contract attached as **Exhibit C** to the Motion (the "Contract"), free and clear of all liens, claims, interests, and encumbrances therein and thereon of whatever kind or nature except as expressly assumed by the buyers under the Contract, if any ("Liens and Claims"), and (2) authorizing the Debtors' payment from the sale proceeds of reasonable and necessary closing costs related thereto and undisputed debts secured by valid liens on the Property in the order of their priority; and there being due and sufficient notice of the Motion; and there being no objections to the requested relief; and upon the record of the hearing held by the Court on the Motion on August 28, 2024; the Property is subject to a mortgage held by Carrington Mortgage Services, LLC, as servicer for WILMINGTON SAVINGS

FUND SOCIETY, FSB, AS TRUSTEE, OF UPLAND MORTGAGE LOAN TRUST A ("Secured Lender") who does not oppose the proposed sale and have agreed to the distributions; and after due deliberation, the Court having found and concluded that the proposed sale is in the best interests of the Debtors, their estate and creditors and is supported by good business reasons; and the Court also having determined that one or more of the grounds for the sale being free and clear of Liens and Claims under 11 U.S.C. §363(f) has been satisfied, the sale reflects an active marketing process for fair value and will relieve the Debtors and their estate of the costs and burdens of ownership of the Property, and it appearing that the buyers under the Contract are purchasers in good faith entitled to the protection of 11 U.S.C. §363(m) and (n); and good and sufficient cause appearing, it is hereby

**ORDERED,** that the Motion is granted to the extent set forth herein; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 363(b), the Debtors are authorized to sell all of their right, title and interest in the Property pursuant to the terms of the Contract (the "Sale"); and it is further

**ORDERED,** that pursuant to 11 U.S.C. §363(f), the Sale shall be free and clear of all Liens and Claims, with all Liens and Claims to attach to any Sale proceeds in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as existed immediately before the closing of the Sale; and it is further

**ORDERED,** that at the closing of the sale, the Debtors are authorized to pay from the Sale proceeds, the reasonable, ordinary and customary closing costs including transfer taxes, title charges and other usual and reasonable costs associated with the transfer and

closing of the Sale of the Property, as well as reasonable adjustments in the sales price for pro-rations, inspections, or other similar items necessary to accommodate a closing; and it is further

**ORDERED**, that the Debtors are authorized pursuant to to pay from the sale Proceeds, $10,000 in relocation costs to the Debtors, the Broker's 5% commission **(subject to the issuance of a separate Court order allowing the fees)** and Debtors' counsels fee of $7,500 (to be remitted to the Chapter 13 trustee for further disbursement to counsel) for legal services rendered in connection with the sale; and it is further

**ORDERED,** that after making the foregoing payments, at the closing of the Sale the Debtors are authorized and directed to pay, from the remaining available Sale proceeds to the Secured Lender, an amount not less than $506,250; and it is further

**ORDERED,** that, within fourteen days after the closing of the foregoing sale, counsel for the Debtors shall file a closing statement with the Court and serve a copy on the Office of the United States Trustee; and it is further

**ORDERED,** that the 14-day stay of the Order under Fed. R. Bankr. P. 6004(h) is waived, for cause, and this Order is effective immediately upon its entry.



**Dated: August 29, 2024**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**